IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,783-01






EX PARTE SAMUEL LEON PINES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11CR0691 IN THE 10TH DISTRICT COURT


FROM GALVESTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance, and sentenced to twenty years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence in his case. He alleges that a Texas
Department of Public Safety (DPS) investigation supports his claim. The State and trial court agree
that Applicant is entitled to relief, but this Court needs more information before addressing the claim
on its merits. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall provide support for its finding that the forensic examiner in this
particular case was the examiner who was found to be unreliable by the DPS investigation. The trial
court shall also determine whether there is more drug evidence that could be tested, or whether any
other analyst was involved in the testing of the evidence in this case. If another analyst was involved
in the testing for this case, the trial court shall make findings regarding the actions of each individual
analyst. Additionally, the trial court shall determine whether any additional testing was ever done
on the evidence in this case, either before or after the initial proceedings in this case. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 The parties are reminded that under certain circumstances, an applicant may be eligible for
release on bond under Article 11.65 of the Code of Criminal Procedure.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 17, 2013

Do not publish